The court will proceed to the sixth case, the United States v. Jones. Mr. Van Zandt. May it please the court, my name is James Van Zandt. I represent the defendant's appellant, Keefer Jones. As the court is aware, this case involves two issues, one of which was whether the sentence of five years to the statutory maximum was erroneous. Both the government and the defendants agree that the trial court erred in imposing the statutory maximum, and this case should go back for resentencing. Assuming the court accepts that concession, the remaining question in this case is, what will the remand look like? Will this case go back for resentencing only, or will this go back to allow Mr. Jones to challenge the alleged violations on the merits? I'd like to take a step back and talk about what this case means for defendants overall. The issue here is, what should trial counsel do when confronted with a situation where arguably unlawful conditions of supervised release are imposed on the defendant and violations of those conditions are alleged? Unlawful because the original judge didn't make sufficient findings for them? To an extent, Your Honor. I think that's one aspect of it. And your theory is that a supervisee in that situation is free to engage in self-help, violate them, and then defend on the basis that the original judge didn't make sufficient findings? Well, I think that's the question this case presents, Your Honor, is what should happen in these situations. Do you want us to decide that question on an ineffective assistance of counsel claim without any record? I think that under the record that we have here, based on what counsel did at the trial level, we don't necessarily need to do that. Now, as I said in my reply brief, if the court decides that additional facts aren't necessary, that is something that... You want a heads I win, tails I can't lose? If I can, Your Honor, that would be nice. Or you're wasting our time. Tell me why you're not wasting our time with the ineffective assistance claim. Well, the question is, if this case goes back for resentencing only, Mr. Jones, the defendant, he doesn't have the opportunity to contest these conditions. If I'm right and these conditions were, in fact, unlawful, then Mr. Jones is being sentenced for violations of conditions that never should have been imposed in the first place. And that's the real question that's at issue in this case is what should counsel do when confronted with this situation? Based on my reading of this court's holding in the United States v. Neal, the answer is to file a motion to modify. The question in this case is whether or not that's something that counsel can do after the violations have been charged. If that's not possible, then the only other answer is a habeas petition after the conviction has been... Neal makes clear you cannot move to modify just on the grounds that the original procedures were inadequate or that the findings were inadequate. That's correct, Your Honor. And the issue here, and this goes to what this court held in United States v. Johnson, is, for example, with the sex offender treatment requirements. I think that's probably the easiest way to look at this. In United States v. Johnson, this court held that 15 years between the sex offense and the imposition of the condition is entirely too long. There's no lawful basis for imposing... It was somebody who'd been out of custody, right? I don't know if that was exactly what it was, Your Honor. There was definitely a 15-year period between the time the issue came up and the time that the sex offense occurred. And I will agree that there are some slight differences in the facts of Johnson v. this case. But the fact remains, we're talking about a difference of 15 years between the last sex offense and when Mr. Jones was released. And that's directly on point to what was held in Johnson. So if Johnson is correct that that condition is unlawful under those facts, then it necessarily follows that the condition here was unlawful as applied to Mr. Jones. The question then becomes how we deal with it. And my theory and what I'm asking the court to determine is should counsel, when confronted with a situation like this, where there's an arguably unlawful condition that the defendant has been charged with violating, is a motion to modify the correct course of action. And if I'm wrong, I'm wrong. But if I'm right, then Mr. Jones... The error in the trial at the trial court was that trial counsel did not challenge that. And that ended up being a very consequential decision because as the court recalls from the transcripts of the sentencing hearing, that was the issue that caused the trial court to sentence Mr. Jones to the statutory maximum of five years. It was the choosing not to participate in sex offender treatment and choosing not to participate in mental health treatment. So let me just throw out an analogy. A trial court judge issues a temporary restraining order that prohibits conduct that would clearly be protected under the First Amendment, expressive conduct. The demonstration goes forward in direct violation of the TRO. The marchers are brought in on contempt of court charges. Can they defend on the grounds that the TRO itself was unconstitutional? That's exactly the issue here, Your Honor. The answer to that under the Supreme Court's precedence is no. They have to obey the TRO and find another way to challenge it. And the prospect for supervisees to be able to engage in self-help, as you're suggesting, is very troubling to me. I understand the concern, Your Honor. And that's the real issue is what should a supervisee do in a situation such as this? And I'd also remind the court that Mr. Jones was not represented by counsel until after he was charged with a violation. So this isn't a situation where he understands that he shouldn't have been – he didn't believe that this was a condition that was lawfully imposed and he can go to the court and say – He was represented by counsel in the proceeding in which those conditions were imposed, correct? He was. And I would – one issue that I looked at was whether or not counsel should have dealt with that on appeal. I think they should have. But that's water under the bridge back in 2004, 2006, I believe. They didn't. And that then leads us to this situation where we've gotten – assuming for the sake of argument that it was an arguably unlawful condition, Mr. Jones is under supervision for something he shouldn't be. And he's charged with a violation for something that shouldn't happen. And it does put us in a very odd situation. And your point about the First Amendment issue is well taken. But we still have this problem with Mr. Jones being sent to prison for a violation of something that shouldn't have been a violation and should never have been imposed. So the question is what should counsel do in situations like this? So what I'm asking from the court is a finding that a motion to modify is a valid defense. And procedurally what could happen is, for example, a motion to modify nunc pro tonc, something like that. But it does present some interesting questions. I think the sex offender treatment option is probably the easiest one to talk about because of the difference in time. But that also leads us to the problem of the Illinois State Sex Offender Registration Act issue. That is a very difficult statute to deal with. I'm sure the court read the giant block quote of the requirements. But the problem, of course, is that if Mr. Jones was – and to be clear, I'm not arguing the sex offender registration requirement was unlawfully imposed. The issue is should that have been challenged on the facts as not a violation of the statute at all under the circumstances of this case? And based on my reading of the statute and based on what the Illinois Appellate Court said in People vs. Care, it wasn't. I see I'm moving into my rebuttal time. I'd like to reserve the remaining time for rebuttal. All right. Thank you, Mr. Van Sant. Mr. Walters. Good morning, Your Honors. May it please the court, Greg Walters on behalf of the United States. Judge Hamilton, when you brought up heads I win, tails I lose. The bottom line is he has elected to go forward on direct appeal with the claim of ineffective assistance of counsel. He's submitted a reply brief. He's now done oral argument. He has elected to go forward. The time for withdrawal of that argument, I suggest to the court, has passed unless he's willing to do it rather quickly. So we come before this court on a record that is silent concerning trial counsel's motives for his decisions. And under this court's precedent, what we do then is give every indulgent to the possibility that trial counsel's decisions were tactical in nature, flawed only if flawed at all by hindsight. And I don't think we have to overindulge anything when we look at trial counsel's efforts below to see exactly what he was doing as he portrayed his client before Judge Baker saying, Your Honor, here's somebody who for the last year didn't follow the probation officer's instructions or certain conditions. Now look at his conduct over the last three months while on bond pending disposition of revocation. And what I am asking you to do, and I'm paraphrasing Mr. Henderson, but he said, Don't send him to jail. Give us two more months to continue to show that he can meet these conditions. I suggest to you that that is a very prudent attorney, a wise attorney, and ultimately that is a tactical choice that is unreviewable, even on collateral attack generally, but certainly on direct appeal when there's nothing in the record to contradict that conclusion. But let's speak to the merits. The self-help is very troubling. He calls these unlawful conditions, and yet he has yet to argue why they were unlawful when they were imposed. The conditions as imposed were lawful, never challenged on appeal, and yet how did they all of a sudden become unlawful? He has yet to explain that. The Johnson case, to which he cited in his brief and then states today that there are just, quote, slight differences, there are tremendous differences between this case and United States v. Johnson regarding that 15-year period. As you pointed out, Judge Hamilton, that 15-year period in United States v. Johnson, that defendant wasn't sitting in jail. Here we have a person who committed his last of three sexual assaults in 2001 and then goes to prison federally for a number of years and then is released and while in prison never undergoes sex offender treatment, which was up to him, but the circumstances were unchanged. Three times convicted, no treatment, a lawful order by a judge that you will undergo treatment, and he doesn't do so. The same thing with the mental health condition. Before trial, he had a certain diagnosis because of an antisocial disorder, multiple personalities. Even after he gets out, a diagnosis of antisocial disorder, he even is recommended for treatment by that provider that made that recommendation, and he blows it off. Self-help is not the remedy any more than when I'm driving home to Peoria today down I-55 and a police officer's lights start going off behind me and I say to myself, you know what? I'm not speeding, I'm not pulling over. That's not his option. His option to contest the conditions was on appeal and he didn't do so. They were lawfully imposed and there's nothing unlawful about those conditions that he has raised in his brief that I believe warrants any merit whatsoever. And so then the drug testing or the patch. On what basis was counsel to challenge the patch that he tested positive with? He offers nothing because there's nothing in the record. We have to presuppose or accept his argument that it was unreliable based on a bunch of assumed facts, none of which are in the record before this court, to say that counsel below was ineffective. And then lastly, we come to the statute. As we argued in our brief, I won't belabor it unless the court has questions. I believe counsel's interpretation of that statute is very strange. That's assuming the court even gets to the interpretation question. If we got to it, would we say that somebody on supervision or under that statute has to register any phone he uses at a friend's house to call for a taxi or something like that? No, and I think that's the distinction between as we lay out the subsections, even though they aren't, when it says I think that's an important distinction between his or her residence, change in employment in the first part, and then emails that they use or plan to use. I think the legislature was very intentional in not saying phones that they use or intend to use, but instead modified that with his or hers, his or her phone. So as I read from the statute, Judge Hamilton, when they talk about his or her phone, I think his or her new address, change in employment, telephone number, cellular telephone number, or school. I think that modifier, his or hers, that doesn't modify something that I just temporarily use or borrow to make a single phone call. But when his or her, if it's something that I possess over a continuum of time, such as in this case, whether it was in his daughter's name or in his own name, I suggest to the court that it was his phone. He's the sole possessor, sole user. His pornography's on it. That falls well within the scope of his or her. Your Honor, I don't think in the example that you gave, temporarily borrowing a friend's phone to make a call, that anybody would refer to that phone as being mine or his or her phone, that of the borrower. And so I think that's the distinction. And so when we look at the second phrase, as far as when we get to different email addresses, I think it's important that the legislature use the term that the sex offender uses or plans to use because of the ubiquitous nature of the web and my ability to use, for example, my wife's email address, even though it's not mine, because I know her password. So I could sit at work and, quote, use that address, but it's not mine. And so that's the reason for why we have different modifiers through that section that we're analyzing. But even, for example, if this court were to come back and accept counsel's interpretation of the statute, which, again, I believe is strained, he still has a grade B violation regardless because of the drug offense. And that grade B violation is what drove the 21 to 27 months for, under what is the very advisory guidelines of the supervised release violation. So even ultimately, I would suggest to you it's harmless. We're not dealing with a sentencing package here under empirical guidelines that you would in a normal criminal case. I mean, he's got a grade B violation regardless. And if I could just make, I'm not quite out of time, but I would like to make one comment regarding our concession regarding the sentence. I believe counsel had stated that we confess that the statutory maximum sentence that the court aired. We're not saying that the court necessarily, that the court could not impose a statutory maximum sentence. Our concession is very limited in that he relied, we believe, on materially erroneous facts. And when we take out those materially erroneous facts, that the explanation for the sentence, although it ranged across a number of pages in the transcript, we don't believe was sufficiently tethered to the 3553A factors. That is our concession. On remand, with a sufficiently explained sentence, the judge has a lot of discretion up to that statutory maximum. And one last point. He, counsel talked about, you know, we're here because of, can there be a motion to modify after the fact? Well, certainly there could be a motion to modify under Neal and under 3583. But after the fact, even if the court were to modify after a violation, that does not take away the fact that he violated the condition of supervised release. So some nunk pro tonk designation, absent the condition being unlawful or unconstitutionally vague, I don't see that as being permissible for a court to do, for someone to come into court and say, you know what, I don't need this condition anymore, because that's really what he's arguing. I don't need it. So give me a nunk pro tonk designation to say that I didn't blow off my probation officer for the past year. That, I submit to the court, would be dangerous precedent and respectfully would border on the ridiculous or absurd. Absent questions from the court, we rest on our brief. We would ask that the court affirm the admissions by the defendant, but remand for resentencing. Thank you. Just three brief points, Your Honor. First of all, going back to counsel's final points. Motions to modify based pursuant to the statute can be made at any time. And that's the question here is what does at any time mean? We know the statute says that they can be made at any time, even on appeal. And Neal specifically says that the question in terms of whether or not a condition of supervised release should be imposed, deals with whether it should be imposed now. Is it appropriate now? So the logical progression, and this is the core of the argument, is can a motion to modify be used to deal with a condition of supervised release after a violation has been filed but before it's been adjudicated? And that's an important point, is that this violation had not yet been adjudicated until Mr. Jones pled guilty to it on advice of counsel. At the time that he pled guilty, there had only been a violation. So had counsel made a motion to modify at that time, would that have been allowed under the statute? That's the core of the issue here. The other point that I'd like to address, I'm sorry, I'm out of time. You may finish it. Just very briefly. Counsel mentioned that we still got the drug offense issue. For the sake of argument, let's assume that Mr. Jones was able to successfully get the other three conditions dismissed and he still was found guilty or had pled guilty to the drug offense. The guidelines specifically state for drug offenses, even though this is a Class B, the application notes state that the trial court shall consider whether or not the availability of drug counseling and drug treatment essentially obviates the need for revocation in prison time, which is usually what's required in Grade B violations. So even assuming for the sake of argument that happened and Mr. Jones ultimately was found guilty of the drug offense, that doesn't necessarily mean he would have been sent to prison at all or that supervised release would have been revoked. Thank you. Thank you, Mr. Walters. Thank you, Mr. Van Zandt. Mr. Van Zandt, the court wants to extend the additional thanks for accepting the appointment in this case. Thank you for appointing me, Your Honor. The court takes the case under advisement and the court will stand in recess. Thank you.